**FAIRVIEW DEVELOPMENT, INC.,**
Appellant,

v.

**CITY OF FAIRBANKS, Appellee.**

**No. 1118.**

Supreme Court of Alaska.

Oct. 9, 1970.

Walter Sczudlo, Fairbanks, Lyle L. Iversen, of Lycette, Diamond & Sylvester, Seattle, Wash., for appellant.

Grace Berg Schaible, of Merdes, Schaible, Staley & DeLisio, Ben T. Delahay, City Atty., Fairbanks, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, and CONNOR, JJ.

RABINOWITZ, Justice.

Appellant Fairview Development, Inc. sued appellee City of Fairbanks to recover taxes paid under protest. After a trial by the court without a jury, the action was dismissed with prejudice. Fairview appeals from the superior court's judgment. We affirm.

In 1950, Fairview leased a parcel of land of about 12 acres from the city for 75 years at an annual ground rental of $1,800. Paragraph 8 of the lease provides:

It is specifically agreed that during the life of this lease as between City and Fairview the buildings placed upon the above described land shall, for the purpose of taxation only, be treated as personalty; and that the full value thereof can and will be carried on the personal property tax rolls of City, and Fairview undertakes and agrees to pay taxes thereon. Should there be any pe-

riod during the life of this lease when said property shall not be within the *taxing limits* of City, Fairview shall nevertheless pay to City annually an amount in lieu of taxes equal to that which would have been charged as taxes based upon City's millage rate for general taxation for that year. (emphasis added)

When negotiations began between Fairview and the city, part of the land lay outside the city limits, but by the time the lease at issue was executed, that portion of the land had been annexed. In 1951, Fairview completed construction of a multimillion dollar apartment complex on the land. The city abolished personal property taxes in 1961 by Ordinance 1068, which included these sections:

*Section 6. Savings Clause.*

That the amendment or repeal of sections of the Code of Ordinances effectuated by the enactment of this ordinance shall not be construed to affect or limit the city in the collection of taxes heretofore levied, or as abating any actions now pending under or by virtue of such sections or as discontinuance, abating, modifying, or altering any penalties or interest accruing or to accrue or accrued tax liability or as affecting the liability of any person, firm or corporation or as waiving any right of the city under any section or provision existing at the time of passage of this ordinance.

*Section 7.* That leasehold interests and other interests in real property, including improvements, property [sic] taxable as real property, which may have been included on the personal property tax rolls, shall be transferred to the real property tax rolls and shall continue to be taxed.

Beginning in 1961, the city each year listed the value of Fairview's buildings on its real property tax roll and assessed taxes which Fairview paid under protest.

Fairview sued to recover taxes so paid through 1964. The case seems to have been tried on the theory that the payments by Fairview were payments in lieu of taxes under paragraph 8 of the lease rather than real property taxes under Section 7 of Ordinance 1068. Fairview argued that the phrase "taxing limits" in the lease meant the geographic limits of the city, so no payments in lieu of taxes had become due because the land and buildings had remained inside the geographic city limits.

The trial court found that the phrase "taxing limits" was ambiguous and, after hearing testimony on the actual intent of the parties, concluded that the parties had intended the city to obtain tax revenues on the buildings for the entire term of the lease.[1] The superior court construed the phrase "taxing limits" as meaning "any restriction or limitation on the City's taxing power and not merely a geographical limitation."

 Fairview specified as error the trial court's construction of the phrase "taxing limits" and its failure to apply in its favor the Equal Protection Clause of the United States Constitution and the Contract Clause of the United States and Alaska Constitutions. The Contract Clause specification is not argued, so we take this point to be abandoned; the single conclusory paragraph without citation of any authority which Fairview devotes to its Equal Protection specification is not adequate to put the issue before the court.[2] The sole issue properly raised in this appeal, then, is whether the trial court erred in its construction of the phrase "taxing limits."

 Study of the record including the trial court's memorandum opinion and order, which furnished the bases for the formal findings of fact and conclusions of law which were subsequently entered, convinces us that the judgment below should

---

1. *See* Port Valdez Co. v. City of Valdez, 437 P.2d 768 (Alaska 1968) ; Pepsi Cola Bottling Co. v. New Hampshire Ins. Co., 407 P.2d 1009, 1013 (Alaska 1965).

2. Supreme Ct.R. 11(a) (8) ; Lewis v. State, 469 P.2d 689, 691 (Alaska 1970).

be affirmed. More particularly, we hold that the trial court's findings of fact underlying its construction of the lease phrase "taxing limits" were not clearly erroneous. In light of these findings of fact, we further hold that the superior court's construction of the phrase "taxing limits" and its conclusions of law entered in conformity with this construction should be affirmed.

The judgment entered below is affirmed.