**Frederick L. RICHARDSON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2826.**

Supreme Court of Alaska.

May 6, 1977.

---

Stephen R. Cline, Asst. Public Defender, Ketchikan, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Richard J. Ray, Asst. Dist. Atty., and Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and BURKE, Justices, and DIMOND, Justice Pro Tem. [Erwin, Justice not participating].

DIMOND, Justice Pro Tem.

Frederick Richardson was indicted for assault with a dangerous weapon and unlawful possession of the drug cocaine. After the trial court denied Richardson's motion to suppress the drugs found on his person, Richardson entered a plea of nolo contendere to the charge of unlawful possession of an illegal drug, and the charge of assault with a dangerous weapon was dismissed. He was sentenced to four years imprisonment and now appeals[1] on the ground that the cocaine ought to have been suppressed as evidence because it was found in a search following an unlawful arrest.

State Trooper Clayman was called to a bar in Delta Junction by the bar owner, who informed Clayman that a man named McGee had been stabbed. McGee described the assailant to Clayman as a man with a brown leather jacket and long dark hair and told Clayman that the assailant was walking around in the area outside the bar. Officer Clayman went outside and saw a man whom he said answered the description given by McGee. Shortly thereafter, the bar owner came out and identified Richardson as the assailant by stating: "That's the one that did it."

Officer Clayman observed a black sheath on Richardson's side and noticed there was no knife handle sticking out of the sheath.

1. Although Richardson entered a plea of nolo contendere to the drug charge, he preserved his right to appeal the denial of the suppression motion pursuant to an agreement between the

district attorney and Richardson's counsel. *See Cooksey v. State*, 524 P.2d 1251, 1256 (Alaska 1974).

Richardson was stumbling and smelled of alcohol. Clayman placed handcuffs on Richardson and took him into the bar where he was identified by the victim, McGee, and by the bar owner as the one who had stabbed McGee. Clayman said at that time he placed Richardson under arrest.[2]

Richardson then volunteered to show Clayman where the knife was, and the two of them drove to a spot not far from the bar, where Clayman found the knife lying in the roadway. Richardson acknowledged to Clayman that the knife was his. Clayman stopped the police vehicle, got out, picked up the knife and put the knife in the car, where Richardson was waiting. It was at that time that Clayman first advised Richardson of his *Miranda* rights,[3] and Richardson responded that he understood his rights. On the way back to Delta Junction in Clayman's car, in response to Clayman's questioning, Richardson told Clayman his version of what had happened.[4]

At trooper headquarters, Clayman had Richardson empty his pockets and place the contents on the desk. While Richardson was doing this, Clayman observed him take something out of his wallet and throw it in a trash can. Clayman recovered this item and found that it was a plastic bag containing a white powdery substance. He made a field test for heroin and cocaine and found that the white substance reacted in such a manner as to indicate cocaine. Clayman then charged Richardson with unlawful possession of cocaine and with assault with a dangerous weapon.

Richardson contends that the cocaine found during the search of his person in the jail ought to have been suppressed. This contention is based on the argument that Richardson's arrest by Clayman was without probable cause and was thus invalid, that the invalid arrest led directly to the finding of the cocaine on Richardson's person, that the finding of the cocaine, was thus the product of an unlawful search and, therefore, that the cocaine ought to have been suppressed and not used as evidence against Richardson on the charge of unlawful possession of that drug.

■ A peace officer may arrest a person without a warrant "when a felony has in fact been committed, and he has reasonable cause for believing the person to have committed it."[5] When Officer Clayman arrived at the bar in Delta Junction, he was told by the bar owner that a man had stabbed McGee. Clayman observed a knife wound in McGee's side and "quite a bit" of blood on the victim's shirt and bandage covering the wound.[6] This was sufficient evidence to show that a felony had in fact been committed.

■ The second part of the test as to whether the arrest without a warrant was valid is whether Officer Clayman had reasonable cause for believing that Richardson had committed the felony of assault with a dangerous weapon. When we speak of "reasonable cause", we are dealing with practical considerations of everyday life on which a reasonably prudent person would act. Officer Clayman was given a description of the assailant while he was in the bar. He testified at the preliminary hearing that the description given him matched that of Richardson when he first saw Richardson. In addition, prior to the arrest, the bar owner came out of the bar, saw Richardson approaching and identified him to

---

**2.** The arrest took place prior to that time when Clayman handcuffed Richardson outside the bar. AS 12.25.050 provides:

> An arrest is made by the actual restraint of a person or by his submission to the custody of the person making the arrest.

**3.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.** Richardson contended that he was attacked by McGee, who struck him on the head with a

rock. Richardson stated that in self-defense, he then stabbed McGee.

**5.** As 12.25.030(3).

**6.** Clayman testified at the preliminary hearing that he had pulled the bandage loose and saw what appeared to be a knife wound on the right side in the area of McGee's fourth rib.

Clayman as the man who had stabbed McGee.

 It was not necessary that Clayman have evidence sufficient to prove Richardson's perpetration of the crime beyond a reasonable doubt.[7] It was necessary only that there be evidence which would cause a reasonably prudent person to reach the conclusion that the person arrested was, in all probability, the one who committed the crime.[8] Under the circumstances here, it was well within the realm of reason for Officer Clayman to believe that Richardson was the person who had cut or stabbed McGee. Thus, Clayman had "reasonable cause" to arrest Richardson. The arrest was not unlawful.

As we have stated, the only point raised by Richardson on this appeal was that the arrest was unlawful and, because of that, it was improper to use as evidence the cocaine found on Richardson's person as a result of a search made after the arrest.[9]

The order or judgment appealed from is AFFIRMED.[10]

ERWIN, J., not participating.

---

**7.** *McCoy v. State*, 491 P.2d 127, 130 (Alaska 1971).

**8.** *McCoy v. State*, 491 P.2d 127, 130 (Alaska 1971); *Soolook v. State*, 447 P.2d 55, 66 (Alaska 1968); *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

**9.** Cases that would be pertinent to station house searches are: *State v. Stump*, 547 P.2d 305 (Alaska 1976); *Schraff v. State*, 544 P.2d 834 (Alaska 1975); *Bell v. State*, 519 P.2d 804

(Alaska 1974); *Daygee v. State*, 514 P.2d 1159 (Alaska 1973); *Lemon v. State*, 514 P.2d 1151 (Alaska 1973); *McCoy v. State*, 491 P.2d 127 (Alaska 1971).

**10.** In his notice of appeal, Richardson claimed that the sentence of four years was excessive. However, he did not raise that point in his brief and therefore we consider it to have been abandoned. *Fairview Development, Inc. v. City of Fairbanks*, 475 P.2d 35, 36 (Alaska 1970).