713 P.2d 1263

James HANSEN, Plaintiff/Appellant,

v.

GARCIA, FLETCHER, LUND AND McVEAN and Town of Superior, Arizona, Defendants/Appellees.

No. 2 CA–CIV 5403.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 1, 1985.

Review Denied Feb. 12, 1986.

Cole & O'Neil by A. Thomas Cole, Casa Grande, for plaintiff/appellant.

Renaud, Cook, Videan, Geiger & Drury, P.A., William W. Drury, Jr. and Steven G. Mesaros, Phoenix, for defendants/appellees.

LACAGNINA, Judge.

James Hansen appeals from a summary judgment in favor of police officers Garcia, Fletcher, Lund, McVean and the Town of Superior, Arizona, on his claims against them for false arrest, false imprisonment, malicious prosecution, negligence and violation of 42 U.S.C. § 1983, arguing the officers had no probable cause to believe he committed an offense and that where more than one inference can be drawn from the undisputed facts, the issue of probable cause is a jury question. We affirm.

### FACTS

The Santillan brothers had been in a fight with others at Fernie's Bar at about 1:24 a.m. on April 4, 1982. After the fight broke up, they went to Hansen's house, and while they were in the house with Hansen's family, a crowd gathered outside on and near the property. Hansen came out of his house armed with a .357 Magnum, stood on his porch, and using obsceni-ties, ordered the crowd off his property. He fired the gun into the air, and one of the crowd, Mr. Diaz, ran to Hansen saying, "We don't want anybody killed," and grabbed the gun by the barrel. Other members of the crowd jumped Hansen and started beating him. The gun discharged, and a bullet passed through Diaz's hands, fatally wounding John Barragan.

At 2:42 a.m. police officers Garcia and Fletcher responded to a call advising of the shooting at Hansen's house, and among other things, recovered the gun used in the shooting. Investigator Lund, the last officer to arrive at the scene, was briefed by Officer Garcia and observed damage to the house and a pool of blood outside where Garcia had found Barragan. In an interview at the hospital Diaz told Lund that as he was passing Hansen's house, he saw Hansen on the porch waving a gun and shouting obscenities to a crowd in front of the house; that after Hansen fired the gun, Diaz ran to him and tried to take it away; that three or four others started to beat Hansen while struggling for the gun, and it went off causing injuries to Diaz's hand and Barragan's face. Also at the hospital, Fred Baca and Tom Sanchez told Lund about the fight at Fernie's Bar between Dave Santillan and others. Returning to Hansen's house, Lund found a missing bullet and learned that Hansen and both Santillan brothers had been taken to the hospital.

After discussing the case with a deputy county attorney and considering his interviews with witnesses, reports from Officers Garcia and Fletcher, and his own observations, Lund concluded Hansen had intentionally, knowingly or recklessly caused physical injury by use of a deadly weapon when he was not in danger of serious, if any, bodily harm and that no death or serious injury would have occurred if Hansen had not brandished the gun. It is undisputed that no one in the crowd was armed. Lund asked Officer McVean to arrest Hansen for aggravated assault and for discharging a firearm within the city limits.

After his arrest, Hansen was detained for approximately 36 hours. The charges were later dropped because Lund and an investigator from the Pinal County Attorney's Office determined that the shooting was either accidental or in self-defense.

## ARREST MADE WITH PROBABLE CAUSE AND SUMMARY JUDGMENT PROPER

■ Where there is no factual dispute, probable cause is always a question of law for the court. *Carroll v. Kalar*, 112 Ariz. 595, 545 P.2d 411 (1976); *Sarwark Motor Sales, Inc. v. Woolridge*, 88 Ariz. 173, 354 P.2d 34 (1960); *Hockett v. City of Tucson*, 139 Ariz. 317, 678 P.2d 502 (App.1983); *Bird v. Rothman*, 128 Ariz. 599, 627 P.2d 1097 (App.1981), *cert. denied* 454 U.S. 865, 102 S.Ct. 327, 70 L.Ed.2d 166 (1981).

■ Probable cause to make an arrest exists when the arresting officer has reasonably trustworthy information of facts and circumstances sufficient to lead a reasonable man to believe an offense is being or has been committed and that the person to be arrested committed it. *State v. Nelson*, 129 Ariz. 582, 633 P.2d 391 (1981); *State v. Vaughn*, 12 Ariz.App. 442, 471 P.2d 744 (1970). Probable cause is something less than the proof needed to convict and more than an unsupported suspicion. It is a practical, nontechnical concept acting as a compromise between society's need for effective law enforcement and an individual citizen's interest in liberty. *Beck v. State of Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *State v. Pederson*, 102 Ariz. 60, 424 P.2d 810 (1967); *State v. Vaughn, supra; State v. Klinker*, 85 Wash.2d 509, 537 P.2d 268 (1975). In this case Lund knew that Hansen had discharged a gun in the face of no armed threat while others tried to disarm him, thereby causing injuries and death, and we find these were sufficient facts to support a reasonable belief that Hansen had committed the crimes of aggravated assault and discharge of a firearm. The trial court concluded that the officers had reasonable cause, meaning probable cause, to arrest Hansen. We agree and affirm.

■ We reject Hansen's argument that the officers should have determined from the information given them prior to his arrest that he was acting in self-defense and that the shooting was accidental. The police officers are not required to conduct a trial before making an arrest. Self-defense is an affirmative defense, and its elements are to be determined in an adversary proceeding, not at the curbside by arresting officers. *See State v. Intogna*, 101 Ariz. 275, 419 P.2d 59 (1966); *Richardson v. State of Alaska*, 563 P.2d 266 (Alaska 1977). A subsequent dismissal of the charges does not make an arrest made with probable cause unlawful. *Cullison v. City of Peoria*, 120 Ariz. 165, 584 P.2d 1156 (1978); *Todd v. Melcher*, 11 Ariz.App. 157, 462 P.2d 850 (1970). After the trial court determined that Hansen's arrest was legal and made with probable cause, it correctly granted summary judgment in favor of the officers and the city because false arrest and false imprisonment are based upon an unlawful detention. *Slade v. City of Phoenix*, 112 Ariz. 298, 541 P.2d 550 (1975); *Sarwark Motor Sales v. Woolridge, supra.*

■ The same reasoning supports the summary judgment against Hansen for his claim of malicious prosecution, which requires evidence of a prosecution activated by malice without probable cause. *Slade v. City of Phoenix, supra; Cullison v. City of Peoria, supra.*

■ Hansen's claims of negligence and gross negligence were founded upon his claim of an unlawful arrest. Since the officers made an arrest with probable cause, there were no facts before the trial court which would support his claim that the officers' conduct departed from the standard of care mandated by state or federal law, and summary judgment was properly granted. *Cullison v. City of Peoria, supra.*

■ Hansen was unable to establish a prima facie case against the officers or to show an independent basis for liability

against the Town of Superior, and therefore, summary judgment in favor of the town was proper since its liability could only be derivative based on the doctrine of respondeat superior. *DeGraff v. Smith*, 62 Ariz. 261, 157 P.2d 342 (1945).

Hansen's claim of a § 1983 violation of his Fifth and Fourteenth Amendment rights was based solely upon his state law claims discussed above for false arrest, false imprisonment, malicious prosecution and negligence, and since he cannot prevail on those claims, summary judgment was properly granted as to his federal claims.

Judgment affirmed.

HATHAWAY, P.J., and LIVERMORE, J., concur.