NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JORGE C. JUAREZ JIMENEZ, a married man,
*Plaintiff/Appellant*,

*v.*

YUMA COUNTY, a political subdivision of the State of Arizona;
RALPH E. OGDEN, Sheriff of Yuma County; TODD SUTTON and JANE
DOE SUTTON, a married couple,
*Defendants/Appellees*.

No. 1 CA-CV 14-0724
FILED 1-12-2016

Appeal from the Superior Court in Yuma County
No. S1400CV201000801
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED**

COUNSEL

John MacMullin, Phoenix
*Counsel for Appellant*

Yuma County Attorney's Office, Yuma
By Edward P. Feheley
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1          Plaintiff Jorge C. Juarez Jimenez appeals from the dismissal of his complaint for failure to state a claim upon which relief can be granted and the denial of his subsequent motion to amend the complaint. Because Jimenez has shown no error, the superior court's orders are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2          At about 8 p.m. on October 21, 2009, Maria Mora De Amaya reported to Yuma County Deputy Sherriff Sutton that Jimenez had committed "an aggravated assault upon her person" earlier that night. While listening to her report, Deputy Sutton noticed a one-inch red mark on De Amaya's neck. De Amaya also showed Deputy Sutton paperwork from her unsuccessful attempt to secure an order prohibiting harassment against Jimenez' wife. When asked about the order, De Amaya "said the judge had canceled it and it was against Mr. [Jimenez'] wife."

¶3          Deputy Sutton arrested Jimenez later that night, transported him to the jail and interviewed him. During that interview, Jimenez stated he was at a grocery store at the time of the alleged assault. On October 23, 2009, Jimenez' wife gave a receipt to Deputy Sutton to show both were at the grocery store at the time of the assault. Later that day, Deputy Sutton went to the grocery store, interviewed the manager, looked at the security video and obtained pictures of Jimenez and his wife in the store at the time of the assault reported by De Amaya. Deputy Sutton then went to Jimenez' house, where Jimenez' wife showed Deputy Sutton the clothes Jimenez was wearing in the video.

¶4          The next day, Deputy Sutton forwarded his report (attaching witness statements) to the Yuma County Attorney's office, which declined

---

[1] In reviewing a motion to dismiss, this court assumes as true the facts alleged in Jimenez' complaint viewed in the light most favorable to him. *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 552 (App. 1995).

to prosecute Jimenez. On October 26, 2009, because of the Yuma County Attorney's decision, the superior court ordered Jimenez released. By the time of his release, Jimenez had spent five days in jail. Formal criminal charges were never filed against Jimenez for the alleged assault.

¶5         In July 2010, Jimenez filed this case, asserting malicious prosecution and false arrest/imprisonment counts against De Amaya and Deputy Sutton (and their spouses for community property purposes) and Yuma County. In November 2010, the superior court granted a motion to dismiss for failure to state a claim filed by Yuma County and Deputy Sutton. The court determined the counts failed because, based on the allegations in the complaint, Deputy Sutton had probable cause to arrest Jimenez. Almost four years later, Jimenez unsuccessfully moved to amend the complaint. The parties then stipulated to the entry of a partial judgment as to all claims against Yuma County and Deputy Sutton, which the superior court entered in September 2014. *See* Ariz. R. Civ. P. 54(b) (2015).[2]

¶6         This court has jurisdiction over Jimenez' timely appeal under the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes §§ 12-2101(A)(1) and -120.21(A)(1).

## DISCUSSION

### I.     The Superior Court Properly Granted The Motion to Dismiss.

¶7         To prevail on a motion to dismiss for failure to state a claim, the defendant must establish that the plaintiff is not entitled to relief under any set of facts susceptible of proof. *Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4 (1998). This court reviews de novo an order dismissing a complaint for failure to state a claim. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012).

¶8         Jimenez asserted two claims against Yuma County and Deputy Sutton: malicious prosecution and "false arrest/imprisonment." "The essential elements of malicious prosecution are (1) a criminal prosecution, (2) that terminates in favor of plaintiff, (3) with defendants as prosecutors, (4) actuated by malice, (5) without probable cause, and (6) causing damages." *Slade v. City of Phoenix*, 112 Ariz. 298, 300 (1975). False

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. Although the claim against De Amaya was not resolved by motion, De Amaya is not a party to this appeal.

arrest/imprisonment "may be defined as the detention of a person without his consent and without lawful authority." *Id*. It is undisputed that neither Yuma County nor Deputy Sutton are subject to liability for malicious prosecution or false arrest/imprisonment if Deputy Sutton had probable cause to arrest Jimenez. *Hansen v. Garcia, Fletcher, Lund & McVean*, 148 Ariz. 205, 207 (App. 1985).

**¶9**        Probable cause to arrest exists "when reasonably trustworthy information and circumstances would lead a person of reasonable caution to believe an offense has been committed by the suspect." *State v. Spears*, 184 U.S. 277, 284 (1996). "Probable cause is something less than the proof needed to convict and more than an unsupported suspicion." *Hansen*, 148 Ariz. at 207. Probable cause is a "practical, nontechnical conception," *Brinegar v. United States*, 338 U.S. 160, 176 (1949), measured by the information known at the time of the arrest, *see English-Clark v. City of Tucson*, 142 Ariz. 522, 525 (App. 1984). Jimenez concedes that the appropriate inquiry when reviewing the dismissal of a complaint is whether probable cause existed at the time of the arrest, not subsequently.

**¶10**        Jimenez argues the superior court's determination that Deputy Sutton had probable cause to arrest was wrong, meaning the motion to dismiss should have been denied. The superior court made that determination based solely on the facts alleged in the complaint.[3] Accordingly, in addressing Jimenez' arguments on appeal, this court must determine whether the facts alleged in the complaint support the finding of probable cause.

**¶11**        As alleged in Jimenez' verified complaint, De Amaya told Deputy Sutton that she was attacked and identified Jimenez as the attacker.

---

[3] The motion to dismiss included one statement not alleged in the complaint: "On October 22, 2009, Defendant Deputy Sutton forwarded his investigation to the Yuma County Attorney's office for possible prosecution." Jimenez did not object to the superior court considering that statement, which does not address probable cause. On appeal, Jimenez claims the superior court "considered Deputy Sutton's investigative report," which was not a part of the complaint. De Amaya filed that report as an attachment in unrelated motion practice; there is no indication the superior court considered that report in the dismissal order addressed here and this court will not assume the superior court considered it, sua sponte, in issuing the dismissal order but without stating it was doing so.

Deputy Sutton saw a one-inch red mark on her neck (consistent with an attack) and an unsuccessful order prohibiting harassment against Jimenez' wife.[4] That information provided Deputy Sutton probable cause to arrest Jimenez. *See Slade*, 112 Ariz. at 301 (finding probable cause to arrest; "[p]olice depend upon the information furnished by citizens, and, unless the contrary appears, they should be able to depend upon the presumption that men speak the truth").

¶12       Jimenez points to his allegations that Deputy Sutton arrested him "without more, without verification of [De Amaya's] accusations, without an eyewitness, and with inconsistencies in her story." But Jimenez has not shown that "more" was required for probable cause. Jimenez has not shown that verification of a victim's statement in these circumstances is required before probable cause exists. Nor has he shown that an eyewitness was required, or that any "inconsistencies in her story" somehow precluded Deputy Sutton from having probable cause at the time of his arrest. Tellingly, Jimenez cites no case law supporting such a position. As noted decades ago, "police officers are not required to conduct a trial before making an arrest." *Hansen*, 148 Ariz. at 207. On this record, the superior court did not err by finding probable cause existed at the time of Jimenez' arrest and dismissing the malicious prosecution and false arrest/imprisonment claims against Yuma County and Deputy Sutton.[5]

## II.     The Superior Court Did Not Err By Denying Jimenez' Motion For Leave To Amend The Complaint.

¶13       Jimenez claims the superior court abused its discretion in denying his motion for leave to amend the complaint against Yuma County and Deputy Sutton, filed nearly four years after the dismissal order.[6] The proposed amended complaint sought to add new facts and three new

---

[4] The parties dispute the significance of the unsuccessful attempt to seek an order prohibiting harassment against Jimenez' wife. Because the probable cause analysis remains the same, this court need not address that dispute.

[5] Given this conclusion, this court need not address Jimenez' argument that the superior court erred by finding Deputy Sutton acted without malice.

[6] Jimenez argues in his reply on appeal that Yuma County and Deputy Sutton do not contest that he should have been allowed to amend his complaint. Not so. Although the answering brief did not present a robust argument on the issue, it noted a reliance on the superior court's "plainly stated justification in the [o]rder," thereby preserving the issue.

federal claims. The superior court denied the motion because the factual allegations in the proposed amended complaint would not alter the original probable cause analysis, would prejudice the defendants and appeared to be an effort to delay trial against De Amaya. This court reviews "the denial of a request to amend for an abuse of discretion." *Carranza v. Madrigal*, 237 Ariz. 512, 515 ¶ 13 (2015). Although "[l]eave to amend shall be freely given when justice requires," Ariz. R. Civ. P. 15(a)(1)(B), the court "may deny leave to amend if it finds undue delay, bad faith, dilatory motive . . . or undue prejudice to the opposing party," *Carranza*, 237 Ariz. at 515 ¶ 13 (citations omitted). "Prejudice is the inconvenience and delay suffered when the amendment raises new issues or inserts new parties into the litigation." *Owen v. Superior Court*, 133 Ariz. 75, 79 (1982) (citations omitted). For several reasons, Jimenez has not shown the superior court erred in denying leave to amend.

¶14        First, amending the complaint to insert new facts and the three new federal claims would have been futile. *See In Re Tortstenson's Estate*, 125 Ariz. 373, 376 (App. 1980) (noting "futility of amendment" is a reason to deny a request to amend). The new facts Jimenez sought to allege did not change the probable cause analysis. Jimenez sought to clarify and amplify facts alleged in the original complaint, including adding specificity about the allegations in the order prohibiting harassment, alleging purported exculpatory information learned at or after Deputy Sutton's arrest of Jimenez and alleging Deputy Sutton should have undertaken further investigation before the arrest. None of these allegations, however, alter the basic facts alleged in the original complaint that properly support a finding of probable cause: before Deputy Sutton arrested Jimenez, Deputy Sutton heard De Amaya recount a physical attack, saw a one-inch red mark on her neck, had a failed application for an order prohibiting harassment and heard De Amaya accuse Jimenez of hurting her. Similarly, the new federal counts Jimenez sought to add were premised on the proposition that probable cause for the arrest was lacking, making them futile as well because Deputy Sutton had probable cause.

¶15        Second, the motion for leave to amend did not purport to claim that the additional factual allegations Jimenez sought to add were not available at the time of the original complaint, nor did it claim any other compelling justification for the delay. *In Re Tortstenson's Estate*, 125 Ariz. at 377 (holding superior court did not abuse its discretion in denying motion to amend because "[n]othing in the record indicates any compelling reason for the delay").

¶16	Finally, allowing the amendment would have been prejudicial to Yuma County and Deputy Sutton. A court properly may deny leave to amend based on "undue delay" and "undue prejudice." *Owen*, 133 Ariz. at 79. Jimenez sought to amend the complaint almost four years after Yuma County and Deputy Sutton were dismissed from the case. Yuma County and Deputy Sutton argued the claims Jimenez sought to add were "serious, complex, and would require extensive discovery," made more difficult because Deputy Sutton had moved to Oregon by that time. They also argued the amendment would result in significant delay in trial and final resolution. The superior court denied the motion for leave to amend, finding the delay would prejudice Yuma County and Deputy Sutton. Among other things, neither Yuma County nor Deputy Sutton spent the four years collecting relevant facts to defend themselves, meaning any amendment would result in "additional delays and substantial added costs to defend this case." Thus, their ability to defend the case would have been prejudiced if the motion for leave to amend was granted. Accordingly, the court did not err in denying Jimenez' motion for leave to amend.[7]

## CONCLUSION

¶17	Because the superior court did not err, the dismissal and denial of the motion for leave to amend are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[7] Jimenez argued other issues in his opening brief, which were stricken previously and need not be addressed here.