NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAVID CLABORN, *Plaintiff/Appellant,*

*v.*

YUMA COUNTY, et al., *Defendants/Appellees.*

No. 1 CA-CV 16-0204
FILED 3-30-17

Appeal from the Superior Court in Yuma County
No. S1400CV201300009
The Honorable John N. Nelson, Judge *Retired*

**AFFIRMED**

COUNSEL

Ernest S. Bustamante & Associates PLLC, Phoenix
By Ernest S. Bustamante and Ian M. Wyer
*Counsel for Plaintiff/Appellant*

Yuma County Attorney's Office, Yuma
By William J. Kerekes
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kent E. Cattani joined.

**K E S S L E R**, Judge:

¶1 Appellant David Claborn ("Claborn") appeals the superior court's entry of summary judgment for Deputies A. Jaimez ("Jaimez") and R. Molina ("Molina"), and Yuma County (collectively "Defendants"). For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2 Jaimez responded to a call from Claborn's then wife, MC. MC complained that Claborn had removed property from the home in violation of a standard preliminary injunction ("injunction") in place due to divorce proceedings pursuant to Arizona Revised Statutes ("A.R.S.") section 25-315(A) (2009).[1] The injunction states in pertinent part:

> Petitioner and Respondent . . . are enjoined and shall not . . . transfer, encumber, conceal, sell, or otherwise dispose of any of the joint, common or community property of the parties except . . . for the necessities of life . . . .

The injunction also warns that violation of the order could result in arrest. MC accused Claborn of removing, among other things, household items such as pots and pans, dirt bikes, rifles, ski equipment, and decorative items including whiskey barrels and deer heads. She additionally accused him of changing the locks on a shared storage unit.

¶3 After conducting an investigation that included interviewing MC and taking photographs of where items were missing, Jaimez issued an "attempt to locate pending arrest," for interfering with judicial proceedings. On January 9, 2012, Claborn was informed that an order of protection had been issued against him and voluntarily appeared at the Yuma County

---

[1] We cite to the current version of any statute unless the statute was amended after the pertinent events and such amendment would affect the result of this appeal.

Sheriff's office. Upon Claborn's arrival, Molina confirmed that there was a valid court order issued and that Claborn was in violation of that order. Molina then proceeded to arrest him without incident.[2]

¶4 Claborn was held overnight in a detention facility. The following day the Yuma County Attorney's Office issued a notice of provisional declination not to prosecute, citing "insufficient evidence/no conviction likely" and "civil matter" as the reasons. Claborn then brought this action against Yuma County, the Yuma County Sheriff's Office, Jaimez and Molina, and their respective spouses, alleging a variety of violations of 42 U.S.C. § 1983 and common-law actions for false imprisonment, negligence, and negligent supervision.[3] The superior court dismissed all of the claims against the wives and the Yuma County Sheriff's Office, leaving at issue the section 1983 claims against the County and the common-law false imprisonment claims and negligence claims against the two deputies. Claborn does not appeal from that order.

¶5 Defendants filed a motion for summary judgment on all remaining claims. The superior court granted summary judgment in favor of Defendants for the section 1983 claims (claims one through four), but ruled that there were issues to be decided by a jury on the state law claims

---

[2] Molina had been informed during the morning briefing of the attempt to locate pending arrest. While Claborn was at the Sheriff's Office, Molina confirmed there was an injunction in place and that the attempt to locate pending arrest was based on a violation of the injunction.

[3] Claims one through four of the complaint alleged violations of Claborn's federal civil rights pursuant to 42 U.S.C. section 1983. Claims one and two alleged violations of Claborn's right to be free from unreasonable searches and seizures; the right not to be deprived of liberty without due process of law; the right not to be deprived of property without due process of law; the right to be free from excessive use of force by persons acting under color of state law; the right to be free from false arrest; and the right to just compensation for taking of property. Claims two and three were directed at Yuma County and the Yuma County Sheriff's Department, alleging they had adopted and implemented careless and reckless policies inadequately training sheriffs and allowing sheriffs to arrest and detain citizens without lawful justification and allowing use of excessive force. Claim four alleged false arrest by the two deputies in violation of section 1983. Claims five and six were state claims of false imprisonment and negligence against all the defendants and claim seven was a claim for negligent supervision against the County and Sheriff's Department.

of false imprisonment and negligence (claims five and six) against Jaimez and Molina. Jaimez and Molina filed a motion for reconsideration as to claims five and six. The superior court overruled its initial ruling and granted summary judgment in favor of Jaimez and Molina on claims five and six, finding they had probable cause to arrest Claborn because it was undisputed that the injunction prohibited him from disposing of or removing community property, MC told Jaimez that Claborn had removed such property, Claborn admitted he had done so, and the court found that no reasonable person could conclude that some of the items taken were necessities of life.

¶6        Claborn timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).

## DISCUSSION

¶7        We review a summary judgment de novo and view the facts in the light most favorable to the party against whom summary judgment was entered. *First Am. Title Ins. Co. v. Johnson Bank*, 239 Ariz. 348, 350, ¶ 8 (2016) (citations omitted). Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *see Torrez v. Knowlton*, 205 Ariz. 550, 551, ¶ 2 (App. 2003). We will affirm summary judgment if it is correct for any reason. *S & S Paving & Const., Inc. v. Berkley Reg'l Ins. Co.*, 239 Ariz. 512, 514, ¶ 7 (App. 2016) (citation omitted).

I.        Section 1983 Claims Against the County

¶8        To succeed on the merits of a section 1983 claim against the County, Claborn needed to show that Yuma County had a custom, policy, or widespread practice that led to the violation of his rights. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690-93 (1978). Additionally, he had the burden to prove the existence of a municipal act that caused the constitutional violation. *City of Phoenix v. Yarnell*, 184 Ariz. 310, 318 (1995). Claborn was not able to provide any evidence of a policy or custom that led to a violation of his constitutional rights. Thus, the superior court correctly granted the County's motion for summary judgment on claims one through four.

¶9        Claborn argues Yuma County had a custom of strictly regulating its deputies' overtime hours and it was that custom that led Jaimez to not interview Claborn before issuing an attempt to locate pending arrest, which ultimately led to the alleged violations of Claborn's civil

4

rights. Claborn points to testimony given by Jaimez' superior, Sergeant Russom, during a deposition in which Russom states that deputies are not always able to continue investigations due to regulations in overtime hours.

¶10 Claborn's argument fails for two reasons. First, the record shows that Jaimez continued working an additional three hours after his shift ended to complete the report of his investigation into Claborn's case. Second, Jaimez never cited the regulation of overtime as the reason for not interviewing Claborn as part of his investigation, but instead stated that he "didn't feel it necessary to do any other investigation." As such, Claborn has failed to meet his burden of showing that there was a policy, custom, or widespread practice that led to a violation of his rights. Accordingly, we affirm the superior court's summary judgment ruling in favor of Yuma County.[4]

II.     State Claims of False Imprisonment and Negligence against Jaimez and Molina

¶11 The common-law claims against the two deputies hinge on whether they had probable cause to arrest Claborn for violating the injunction, thus interfering with judicial proceedings.[5] Whether a warrantless arrest is constitutionally valid depends on whether, at the moment the decision to arrest is made, the officer has probable cause to make the arrest. *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964). "Probable cause to make an arrest exists when the arresting officer has reasonably trustworthy information of facts and circumstances sufficient to lead a reasonable man to believe an offense is being or has been committed and that the person to be arrested committed it." *Hansen v. Garcia, Cletcher, Lund & McVean*, 148 Ariz. 205, 207 (App. 1985) (citations omitted). Summary judgment is appropriate in claims of false arrest, false imprisonment, and negligence when probable cause existed for the arrest. *Id.* (citations omitted).

---

[4]     Claim four alleged false arrest against the two deputies in violation of section 1983. *See supra*, n.3. To the extent that claim was dismissed, we affirm for the same reasons we affirm the dismissal of the common-law claims of false imprisonment and negligence.

[5]     A person commits interfering with a judicial proceeding if that person knowingly disobeys a lawful order of a court. A.R.S. § 13-2810(A)(1) (2010).

¶12            Claborn argues Jaimez and Molina did not have enough information to determine probable cause because they failed to investigate whether the items Claborn had taken were necessities of life so as to be exempt from the injunction.  It is obvious from the record that many of the items taken by Claborn were not such necessities.  Among the items he removed from the home were dirt bikes, dirt bike gear, rifles, and various decorative items.  Additionally, MC reported to Jaimez that Claborn had changed the locks on their shared storage unit, which could be construed as either concealing or encumbering community property.  It does not matter that Claborn lawfully removed some of the property when there are facts to indicate that his removal and encumbrance of other property was not lawful.  *See Lacy v. County of Maricopa*, 631 F. Supp. 2d 1183, 1194 (D. Ariz. 2008) (holding "it is not relevant whether probable cause existed with respect to each individual charge").

¶13            Additionally, Molina was not required to do an independent investigation beyond Jaimez' investigation to determine probable cause. *See Stearns v. Clarkson*, 615 F.3d 1278, 1286 (10th Cir. 2010).  Molina was advised of the attempt to locate pending arrest during the morning briefing and properly relied on such information when arresting Claborn.  *Id*.  Because there is evidence in the record to support Jaimez' conclusion that Claborn had interfered with judicial proceedings, we find that probable cause did exist and summary judgment was appropriate.

¶14            Claborn additionally argues that "three reasonably prudent people" testified that had they been in Jaimez' position they would have interviewed Claborn prior to issuing an attempt to locate pending arrest.  Claborn cites the depositions of Molina and Sergeant Russom and the opinion provided by an expert Claborn hired.  However, probable cause is an objective standard that asks whether an officer's behavior was reasonable at the time of arrest, not whether a more reasonable approach could be constructed years later in litigation.  *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).  Additionally, "once probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused."  *Cameron v. Craig*, 713 F.3d 1012, 1019 (9th Cir. 2013) (citation and quotations omitted).  As such, it is irrelevant what another officer would have done in Jaimez' position.  Because probable cause existed, the superior court properly granted summary judgment against Claborn and we affirm that ruling.

**CONCLUSION**

¶15     For the foregoing reasons, we affirm the superior court's summary judgment for Yuma County and Deputies Molina and Jaimez.

