139 Ariz. 317 (1983)
678 P.2d 502
Margaret HOCKETT, Plaintiff/Appellee/Cross-Appellant,
v.
CITY OF TUCSON, and James Raymond Ledwith and April Ledwith, Defendants/Appellants/Cross-Appellees.
No. 2 CA-CIV 4686.
Court of Appeals of Arizona, Division 2.
December 8, 1983.
Review Denied March 20, 1984.
*318 Messing & Glicksman, P.C. by Elliot Glicksman, Tucson, for plaintiff/appellee/cross-appellant.
Kimble, Gothreau, Ryan, Nelson & Cannon, P.C. by Michael J. Gothreau, Tucson, for defendants/appellants/cross-appellees.
OPINION
BIRDSALL, Judge.
Appellee was arrested by appellant James Ledwith, a Tucson police officer, on May 24, 1980, and charged with disorderly conduct. The charges were subsequently dismissed upon motion of the state, and appellee filed the present action against the Ledwiths and the City of Tucson seeking compensatory and punitive damages for *319 false arrest, false imprisonment and malicious prosecution. The case was tried to a jury which returned a verdict in favor of appellee and awarded $15,000 in compensatory damages but no punitive damages. This appeal was taken from the trial court's order denying the appellants' motion for a new trial and motion for judgment notwithstanding the verdict. Appellee has cross-appealed from the court's denial of her request for attorney's fees. Because we conclude that the judgment must be set aside, we do not address the issue of attorney's fees raised in the cross-appeal.
The sole issue on appeal concerns the propriety of the trial court's instruction to the jury regarding probable cause, which was as follows:
"Defendant James Ledwith is liable for false arrest and for violating Shirley Hockett's civil rights if he arrested her without probable cause.
If, in determining the facts you find that Shirley Hockett with intent to disturb the peace or quiet of the neighborhood or of George Yorkis or his family, or with knowledge of doing so, made unreasonable noise on the night in question, or was an accomplice of another person who made such unreasonable noise with such knowledge or intent, then there is probable cause for an arrest and the arrest was lawful.
If, on the other hand, you find that Shirley Hockett did not make unreasonable noise with intent to disturb the peace or quiet of the neighborhood or of George Yorkis or his family, or with knowledge that she was doing so, and that she was not an accomplice of another person who made such unreasonable noise with such knowledge or intent, then there was not probable cause for the arrest and the defendant is liable for false arrest and for a violation of the plaintiff's civil rights."
The appellants argue that this instruction was improper and that the court erred in refusing to give the following instruction to the jury:
"The claim of the Plaintiff in this case is that she was falsely arrested, and that as a result her civil rights were violated.
Probable cause is a defense to this claim and if there was probable cause to arrest the plaintiff, the verdict must be for the defendants.
Whether certain facts give probable cause to arrest and prosecute is a question of law which the Court decides. What the actual facts are, however, is a question the jury must decide.
The Court has determined that there was probable cause if you find that the following events occurred:
1) A complaint of loud noise and disturbance coming from the plaintiff's home was made by Mr. George Yorkis and this complaint was made known to Officer Ledwith, or
2) Officer Ledwith and/or Sgt. Fund actually heard and observed loud music or other noise and disturbance coming from the plaintiff's house while they were there.
If you find that a complaint was made or that the officers heard and observed a disturbance, you must find in favor of the defendants.
The Court has determined on the other hand that there was no probable cause if you find that the following events probable occurred:
1) No complaint of loud noise and disturbance coming from the plaintiff's house was made by Mr. George Yorkis and communicated to Officer Ledwith, and
2) Neither Officer Ledwith nor Sgt. Fund heard and observed loud music or other noise and disturbance coming from the plaintiff's house while they were there.
If you find that there was no complaint of a disturbance and neither Officer Ledwith nor Sgt. Fund saw or heard any disturbance then you must find in favor of the plaintiff and against the defendants on the claim of false arrest.
With respect to the plaintiff's claim of malicious prosecution, you must then determine *320 whether Officer Ledwith acted with malice. Malice means that the proceedings against the plaintiff were instituted for a primary purpose other than that of bringing an offender to justice.
If you find that there was no complaint of a disturbance and that the officers heard no disturbance, and also that Officer Ledwith acted with malice, then you will find in favor of the plaintiff on the claim of malicious prosecution." (emphasis in original)
The appellants contend that the court's instruction erroneously required the jury to base its decision as to the factual predicate for the existence of probable cause on the actual guilt or innocence of the appellee.
The law is well settled that the existence of probable cause is a complete defense to claims of false imprisonment and malicious prosecution. Cullison v. City of Peoria, 120 Ariz. 165, 584 P.2d 1156 (1978); Sarwark Motor Sales, Inc. v. Woolridge, 88 Ariz. 173, 354 P.2d 34 (1960). The existence of probable cause is a question of law to be determined by the court. Watzek v. Walker, 14 Ariz. App. 545, 485 P.2d 3 (1971). However, where there is a conflict as to the facts involved, the factual basis may be determined by the trier of fact. Sarwark Motor Sales, Inc. v. Woolridge, supra; Meadows v. Grant, 15 Ariz. App. 104, 486 P.2d 216 (1971). In order for the jury to determine the true state of the facts and apply the law as laid down by the court to those facts, however, the court must instruct the jury as to what state of facts will constitute probable cause and what will not. Murphy v. Russell, 40 Ariz. 109, 9 P.2d 1020 (1932).
In the context of malicious prosecution, the Arizona Supreme Court has defined probable cause as "a reasonable ground of suspicion, supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused is guilty of the offense (citations omitted).... The test generally applied is: upon the appearances presented to the defendant, would a reasonably prudent man have instituted or continued the proceeding?" McClinton v. Rice, 76 Ariz. 358, 367, 265 P.2d 425, 431 (1953). Probable cause to make an arrest may exist despite the fact that the charges are subsequently dismissed or the accused is found to be innocent. Cullison v. City of Peoria, supra. Accordingly, where the issue of the factual basis for probable cause is to be determined by a jury, the instructions to the jury must be framed in terms of the appearances presented to the defendant and the reasonableness of his belief that an offense has been committed, rather than the actual guilt or innocence of the plaintiff.
It is apparent that the court's instruction in this case does not meet this standard. The alternative hypothetical set forth in the instruction has the effect of requiring the jury to base its determination on the actual commission or non-commission of the offense charged. While it is correct insofar as it instructs the jury that probable cause existed if in fact the appellee committed the offense, it is incorrect and necessarily prejudicial to the extent that it instructs the jury that probable cause did not exist if the offense was not committed. As discussed above, Officer Ledwith may well have had probable cause to make the arrest even though the charges were subsequently dismissed, or even if the appellee had been tried and found innocent.
Although we find that the court's instruction was erroneous and prejudicial, and therefore reverse, we do not agree that appellants' requested instruction was proper. Since the jury's function is limited to finding what facts actually existed, the court must initially determine what set of facts would support a finding of probable cause and then instruct the jury to find whether or not those facts existed. Under the appellants' requested instruction, probable cause could be found to exist simply on the basis of a complaint of loud noise and disturbance, or upon the police officers' having heard loud noise and disturbance coming from appellee's home. Even assuming the truth of either statement, *321 these facts alone would not constitute probable cause to arrest appellee on charges of disorderly conduct.
The trial court's judgment is reversed and the cause remanded for a new trial.
HOWARD, C.J., and HATHAWAY, J., concur.