**Steven D. KYLLINGSTAD, individually and as the parent of Davin Oliver Kyllingstad, Plaintiff–Appellant,**

**v.**

**TOWN OF CAMP VERDE, an incorporated political subdivision of the State of Arizona; John C. Wischmeyer, both individually and in his official capacity as Camp Verde Marshal; Jane Doe Wischmeyer; Richard Watkins, both individually and in his official capacity as Deputy Camp Verde Marshal; Jane Doe Watkins; Ralph O'Donnal, both individually and in his official capacity as Deputy Camp Verde Marshal; Jane Doe O'Donnal; Monte**

Reimer, both individually and in his official capacity as Deputy Camp Verde Marshal; Jane Doe Reimer, Defendants–Appellees.

No. 05–15962.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed June 14, 2007.

Stanley M. Slonaker, Esq., Phoenix, AZ, for Plaintiff–Appellant.

William H. Doyle, Esq., Doyle Berman & Gallenstein PC, Phoenix, AZ, for Defendants–Appellees.

Before: NOONAN, GOULD, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Steven D. Kyllingstad ("Kyllingstad") filed claims against the Town of Camp Verde ("Camp Verde") and individual officers under 42 U.S.C. § 1983 and Arizona state tort law arising from his arrest, detention, and indictment for custodial interference. A jury found for Kyllingstad and awarded him damages. Kyllingstad appeals the district court's vacation of the jury verdicts and awards with respect to his section 1983 claim and state law tort claims arising from his arrest. We have jurisdiction under 28 U.S.C. § 1291 and now reverse.

"[W]e do not lightly cast aside the solemnity of the jury's verdict." *Graves v. City of Coeur D'Alene,* 339 F.3d 828, 844 (9th Cir.2003). The verdicts make clear that the jury found no probable cause for Kyllingstad's arrest. This finding must be upheld if "reasonable persons might reach different conclusions on the facts." *Id.* at 845 n. 21. We do not overturn a jury's verdict on qualified immunity unless it is "quite clear that the jury … reached a seriously erroneous result." *Settlegoode v. Portland Pub. Schs.,* 371 F.3d 503, 513 (9th Cir.2004) (internal quotation marks omitted).

■ The district court erred in overturning the jury's verdict and finding probable cause for Kyllingstad's arrest. The facts known to the officers did not provide probable cause to arrest Kyllingstad under any section of Arizona's custodial interference statute, A.R.S. § 13–1302. *See Devenpeck v. Alford,* 543 U.S. 146, 155, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004). The jury found that the officers did not know about the permanent custody order in the case, so the only question was whether there was probable cause to arrest Kyllingstad for violating the temporary custody order. Deputy Richard Watkins ("Watkins") failed to read the relevant provisions of the temporary custody order before deciding Kyllingstad had violated it. A mistake of law cannot justify an arrest under the Fourth Amendment. *Beier v. City of Lewiston,* 354 F.3d 1058, 1065 (9th Cir.2004).

■ Without probable cause for Kyllingstad's arrest, the officers are not entitled to qualified immunity. Accepting the jury's version of the facts, as we must, it was objectively unreasonable of the officers to believe they had probable cause to arrest Kyllingstad. *See Graves,* 339 F.3d at 846 n. 24; *see also Beier,* 354 F.3d at 1068–69. The officers could not reasonably rely on the unsubstantiated claims of Susan Kyllingstad that Kyllingstad was violating the temporary custody order when "they ma[d]e no attempt to ascertain the applicable prohibitions." *Beier,* 354 F.3d at 1070.

■ Without probable cause for Kyllingstad's arrest, the Town of Camp Verde is not entitled to qualified immunity as a municipality. Kyllingstad showed that (1) the officers violated his rights; (2) Camp Verde's customs and policies with regard

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to custodial interference amounted to deliberate indifference to his rights; and (3) the customs and policies were the moving force behind the violation of Kyllingstad's rights. *See Gibson v. County of Washoe,* 290 F.3d 1175, 1194 (9th Cir.2002). Camp Verde's indifference to Kyllingstad's rights "is generally a jury question," which the jury resolved in favor of Kyllingstad. *Id.* at 1195. The jury reasonably found that Camp Verde's failure to train its officers to confirm the terms and existence of custody orders was the "moving force" behind the violation of Kyllingstad's constitutional rights. *Id.* at 1196.

Since there was no probable cause for Kyllingstad's arrest, the jury verdicts for Kyllingstad on his state law tort claims must also be reinstated. *See State v. Keener,* 206 Ariz. 29, 75 P.3d 119, 122 (Ariz.Ct.App.2003); *Hockett v. City of Tucson,* 139 Ariz. 317, 678 P.2d 502, 505 (Ariz. Ct.App.1983).

We REVERSE and REMAND for reinstatement of the jury verdicts and awards.