UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL WEST,<br><br>          Plaintiff - Appellant,<br><br> v.<br><br>CITY OF MESA; JEFFREY JACOBS, a police Defendant for the City of Mesa/ Husband ,<br><br>          Defendants - Appellees,<br><br>  And<br><br>UNKNOWN JACOBS, named as: Jane Doe Jacobs/ wife; UNKNOWN PARTIES, named as: John and Jane Does I-X, XYZ Corporations I-X, XYZ Partnerships I-X, and Limited Liability Companies I-X,<br><br>          Defendants. | No. 12-16811<br><br>D.C. No. 2:12-CV-00657-JWS<br>District of Arizona,<br>Phoenix<br><br><br>ORDER |

Before: D.W. NELSON, SILVERMAN, and M. SMITH, Circuit Judges.

Appellees' Motion for Limited Reconsideration filed October 27, 2014, is

hereby **GRANTED**. An amended memorandum disposition is filed concurrently

with this order.

Judge Silverman voted to deny the motion.  A dismissal <u>with prejudice</u> on the motion of the prosecution due to its inability to prove the case is obviously a termination of the criminal proceedings in the defendant's favor.

**IT IS SO ORDERED.**

FILED

**NOT FOR PUBLICATION**

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARL WEST,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>CITY OF MESA and JEFFREY JACOBS,<br>a police Defendant for the City of Mesa/<br>Husband,<br><br>    Defendants - Appellees,<br><br> and<br><br>UNKNOWN JACOBS, named as: Jane<br>Doe Jacobs/ wife and UNKNOWN<br>PARTIES, named as: John and Jane Does<br>I-X, XYZ Corporations I-X, XYZ<br>Partnerships I-X, and Limited Liability<br>Companies I-X,<br><br>    Defendants. | No. 12-16811<br><br>D.C. No. 2:12-CV-00657-JWS<br><br><br>AMENDED MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

---

   <sup>*</sup> This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 8, 2014[]
Phoenix, Arizona

Before: D.W. NELSON, SILVERMAN, and M. SMITH, Circuit Judges.

Carl West appeals from dismissal of his complaint against the City of Mesa and Detective Jeffrey Jacobs. We affirm in part and vacate in part the district court's order and remand for entry of an order consistent with this disposition.

1.      The district court correctly dismissed West's state claim for malicious prosecution because litigation challenging West's conviction had not yet finally terminated in his favor. *Moran v. Klatzke*, 682 P.2d 1156, 1157 (Ariz. Ct. App. 1984). The same rule applies to West's claims under 42 U.S.C. § 1983 against the City of Mesa and Detective Jacobs insofar as they are based on West's prosecution. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). It was therefore error to dismiss West's § 1983 claims as time-barred because that claim, like the state malicious prosecution claim, had not yet accrued.

2.      The district court correctly dismissed West's remaining claims as time-barred. West's false arrest and imprisonment claims, both state and federal, accrued when his detention was validated by legal process. *Wallace v. Kato*, 549 U.S. 384, 390 (2007); *see Hansen v. Stoll*, 636 P.2d 1236, 1242 (Ariz. Ct. App.

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1981).  West's remaining tort claims were not subject to a favorable termination requirement, and accrued at least by the time West was convicted.  West's complaint alleges that he was injured only by Hrbal's coerced testimony at his 2003 trial, not by any later misconduct on the part of Detective Jacobs or the City of Mesa.  *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 898 P.2d 964, 966 (Ariz. 1995) ("Under the 'discovery rule,' a plaintiff's cause of action does not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the cause.").  The limitations periods for West's state and federal claims are one-year and two-years, respectively.  Ariz. Rev. Stat. § 12-541; Ariz. Rev. Stat. § 12-821; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  West was convicted on February 6, 2003, making the  February 6, 2012 filing of his complaint untimely.[1]

3.     The district court did not abuse its discretion by denying leave to amend.  The claims stemming from West's prosecution against the City of Mesa and Detective Jacobs could only be saved by amendment if the termination of West's conviction was final.  At the time of the district court's order, West's post-

---

[1]     West's argument on appeal that former FBI Agent Gordwin's indictment in 2008 tolls the limitations period also fails.  This argument was not raised before the district court, related allegations do not appear in West's complaint, and if the limitations period was tolled until 2008, West's complaint would still be untimely.

conviction relief was not final.  During the course of this appeal, however, the litigation concerning West's conviction terminated.  Thus, on remand West must be granted leave to amend the state and federal claims arising from his prosecution in order to reflect the current legal status of his state conviction.  Additionally, West must be granted leave to amend his *Monell* claim against the city because it is not clear on this record that he is unable to allege a policy, custom, or practice of the City under which Detective Jacobs acted.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam).  The remaining claims are time-barred, and thus cannot be saved by amendment.  *Id.*

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part and REMANDED.**