**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 08 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARL WEST,

        Plaintiff-Appellant,

v.

CITY OF MESA; et al.,

        Defendants-Appellees.

No.    15-17316

D.C. Nos.   2:12-cv-00657-DGC
              2:14-cv-00254-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted August 28, 2017[**]
Pasadena, California

Before: WARDLAW and BYBEE, Circuit Judges, and ILLSTON,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Susan Illston, United States District Judge for the
Northern District of California, sitting by designation.

Carl West ("West") appeals multiple district court orders either dismissing his claims with prejudice or entering judgment against him. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1.      To the extent West argues that the district court erred in dismissing his *Bivens* (Count II) and state-law malicious prosecution (Count IV) claims against Joe Gordwin ("Gordwin"), that argument is waived. *Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008) (issues not raised in opening brief are waived); *Am. Bankers Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 75 F.3d 1401, 1413 (9th Cir. 1996) (issues dismissed by stipulation of parties are waived).

2.      The district court correctly found that West failed to rebut the Scope Certification that certified that Jeffrey Jacobs ("Jacobs") was a federal actor for purposes of West's claims of malicious prosecution under state law (Count IV) and abuse of process under state law (Count VI). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), provides that an individual suit against the United States is the exclusive remedy for persons with claims for damages resulting from the tortious conduct of federal employees acting within the scope of their

---

[1]Defendants-Appelles' Motion to Strike Plaintiff-Appellant's Supplemental Excerpt of Record (Volume 6) is granted.

employment. 28 U.S.C. § 2679(b)(1). Upon certification by the Attorney General that the federal employee was acting within the scope of his employment at the time of the alleged tortious conduct, any civil action based upon such conduct is considered an action against the United States, and the United States must be substituted as the sole party defendant. *Id.*. Though Jacobs was an employee of the City of Mesa (the "City"), United States Attorney John S. Leonardo certified that he was acting as an employee of the Federal Bureau of Investigation ("FBI"), and acting within the scope of that employment, at the time of the alleged tortious acts. A person "acting on behalf of a federal agency" is deemed a federal employee under the FTCA. 28 U.S.C. § 2671. West did not dispute that Jacobs was assigned to the FBI's Joint Terrorism Task Force. Indeed, West alleged that Jacobs was acting as a federal agent "under color of federal authority based on the task force." Accordingly, the district court appropriately substituted the United States for Jacobs on West's state-law tort claims.

3.      The district court properly dismissed West's claims against the FBI for malicious prosecution, abuse of process, fraud, negligent misrepresentation, and negligent supervision (Counts IV, VI, VII, VII, and IX). "The FTCA . . . only allows claims against the United States" and not its agencies. *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). Accordingly, West's claims against the FBI are

3

barred by the doctrine of sovereign immunity. Given that every tort claim West asserted against the FBI was also asserted against the United States, the district court did not abuse its discretion in declining to grant leave to amend.

**4.** The district court properly dismissed West's claims against the United States for fraud and negligent misrepresentation (Counts VII and VIII). The United States has not waived its sovereign immunity with respect to fraud and negligent misrepresentation claims, *Pauly v. USDA*, 348 F.3d 1143, 1151–52 (9th Cir. 2003), and "[i]t is not our right to extend the waiver of sovereign immunity more broadly than has been directed by . . . Congress," *United States v. Shaw*, 309 U.S. 495, 502 (1940). Accordingly, the United States is entitled to sovereign immunity on these claims.

**5.** The district court properly dismissed West's claims against the United States and the FBI for violations of West's constitutional rights under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Count II). Federal agencies may not be sued in *Bivens* actions, *F.D.I.C. v. Meyer*, 510 U.S. 471, 484–86 (1994), nor may the United States itself, *Cato v. United States*, 70 F.3d 1103, 1110–11 (9th Cir. 1995). While West argues that the United States implicitly waived its sovereign immunity through its employees' conduct, a waiver of sovereign immunity must be express and "cannot be implied." *United States v.*

4

*King*, 395 U.S. 1, 4 (1969).

6.      The district court properly determined that the doctrine of res judicata barred West's claims against the City for abuse of process under 42 U.S.C. § 1983, abuse of process under state law, fraud, and negligent representation (Counts I, VI, VII, and VIII).  In an earlier disposition, the district court had dismissed these claims as time-barred.  We affirmed this dismissal in West's prior appeal, because these claims "were not subject to a favorable termination requirement, and accrued at least by the time West was convicted." *West v. City of Mesa*, No. 12-16811, 2014 WL 7228962, at *1 (9th Cir. Dec. 18, 2014).  When West re-alleged these claims in his amended complaint, the district court held that they were barred by the doctrine of res judicata.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Classic Auto Refinishing, Inc. v. Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("[F]or res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits.").

7.      The district court did not abuse its discretion in denying West leave to amend his complaint to add claims for fraud and negligent representation against Gordwin and Jacobs, and a claim for negligent supervision against the United

States.  The district court had previously dismissed those claims as time-barred.

We previously affirmed that dismissal.  *West*, 2014 WL 7228962.  Accordingly,

those claims are barred by the doctrine of res judicata.

8.  The district court properly dismissed West's § 1983 claim for abuse of

process (Count I) against Jacobs and Brian Truchon ("Truchon") as time-barred.

This claim was based on the presentation of allegedly false testimony and evidence

to procure West's 2003 conviction.  The district court did not plainly err in finding

that West knew of the facts giving rise to the abuse of process claim more than two

years before he filed his complaint.  He alleged the key facts in his 2008 petition

for post-conviction relief, but did not file his complaint until 2012.  Accordingly,

those claims are time-barred.  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.

1999) ("In Arizona, the courts apply a two-year statute of limitations to § 1983

claims.").

9.  The district court properly dismissed West's claim for state-law abuse

of process (Count VI) against Gordwin and the United States as time-barred.  As

with his § 1983 claim against Jacobs and Truchon, West's claim for abuse of

process under state law was based on the presentation of allegedly false testimony

and evidence to procure his 2003 conviction.  Accordingly, these claims are time-

barred as well.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414–15 (9th Cir. 1985)

6

(applying two-year statute of limitations under Arizona Revised Statute § 12-542 to a state law abuse of process claim).

10. The district court properly dismissed West's § 1983 claim for abuse of process (Count I) for failure to state a claim against Gordwin. Even assuming an abuse of process claim is cognizable under § 1983 in our circuit, West failed to plead sufficient facts to establish the elements of such a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original)(citations and internal quotation marks omitted)). West failed to allege facts which, if taken as true, would establish that Gordwin was "acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). He alleged that Gordwin was the lead FBI investigator for the Lonely Heights Investigation. Even when read in the light most favorable to West, the complaint alleged that Gordwin was a federal actor. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973) ("[A]ctions of the Federal Government and its officers are at least facially exempt from [§ 1983's] proscriptions.").

11. Nor did the district court err in dismissing West's § 1983 claim for abuse of process, his *Bivens* malicious prosecution claim, and his § 1983 malicious

7

prosecution claim (Counts I, II, and III) against Duane Van Norman ("Van Norman") and Kelvin Smith ("Smith"). West failed to plead that either Van Norman or Smith had any personal involvement in or took any direct action to aid the investigation. They "may not be held accountable for the misdeeds of their agents." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). With respect to the abuse-of-process claim, West also failed to plead facts supporting the elements of his claim that Van Norman and Smith abused process, because he did not allege that Smith or Van Norman willfully used the judicial process. *See Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 887 (Ariz. Ct. App. 2004). With respect to the *Bivens* claims, West failed to allege that Van Norman and Smith were federal actors. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996).

**12.** Nor did the district court err in dismissing West's *Bivens* claim against Truchon. As with Van Norman and Smith, West failed to plead that Truchon had any personal involvement in or took any direct action to aid the investigation. *See Iqbal*, 556 U.S. at 683.

**13.** The district court properly dismissed West's § 1983 malicious prosecution claim (Count III) against Gordwin, Jacobs, and Truchon. The facts as alleged failed to give rise to a plausible inference that Gordwin, Jacobs, and Truchon were acting under color of state law. *Twombly*, 550 U.S. at 556. The

8

district court did not err in finding that Jacobs was a federal actor. Though Jacobs was an employee of the City, he was certified as a federal actor at the time of the alleged constitutional violation against West. Truchon was an FBI field supervisor. Gordwin was an FBI special agent. Accordingly, West failed to state a § 1983 claim against these defendants.

14. The district court properly dismissed West's § 1983 malicious prosecution claim (Count III) against the City for failure to state a claim. To establish municipal liability in § 1983 actions, the alleged violation of a plaintiff's federally protected right(s) must be attributable to either the enforcement of a municipal policy or practice or the decision of a final municipal policy maker. *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 694 (1978). But West failed to plead any facts alleging that the City adopted or implemented a policy or custom that deprived him of a constitutional right. While West alleged a practice of rewarding informants for cooperating with police officers, a city may lawfully provide payment and benefits to cooperating witnesses, *see* 18 U.S.C. § 201(d); *United States v. Cuellar*, 96 F.3d 1179, 1188 (9th Cir. 1996), and may allow one of its police officers to work with the FBI, *see* 5 U.S.C. § 3374(a), (c).

15. The district court properly dismissed West's state law malicious prosecution claim (Count IV) against the City. West did not allege that the City

9

was the "prosecutor or complaining witness" in his case. *Bearup v. Bearup*, 596 P.2d 35, 36 (Ariz. Ct. App. 1979). Instead, he alleges that he was charged by the Maricopa County Attorney's Office, and that Gordwin, a federal actor, manufactured evidence and submitted false reports. Thus, he failed to state a claim.

16. The district court properly granted summary judgment in favor of Jacobs on West's *Bivens* claim for malicious prosecution (Count II), and in favor of the United States on West's state law malicious prosecution claim (Count IV). West challenges the district court's determination that he "failed to demonstrate a genuine issue of material fact," *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1003 (9th Cir. 2007), on the existence of probable cause. The existence of probable cause to prosecute is a complete defense to both state and federal claims of malicious prosecution. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Hockett v. City of Tuscon*, 678 P.2d 502, 505 (Ariz. Ct. App. 1983). West argues that there was no probable cause because the statements of the confidential informant and the cooperating witness were later discredited. However, even setting aside these statements, we find that, "under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability" that West was involved in the attempted warehouse robbery.

*Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994).  The prosecution based its case not only on the confidential informant's and cooperating witness's statements, but also on police reports, the identification of West by a Weiss Guy car wash employee, surveillance evidence, and wiretap recordings which suggested that the alleged conspirators' intention was to rob the warehouse.  West was mentioned by name in the recorded calls, and the calls suggested that he was armed.  Although West disputes these facts, claiming that he had no knowledge of or involvement in the planned robbery, he does not identify any record evidence that would create a genuine dispute of material fact as to probable cause.

**17.**    The district court did not err in dismissing West's § 1985 conspiracy claim (Count V) against Gordwin, Jacobs, and Truchon for failure to state a claim. "[A]n indispensable element of a claim under 42 U.S.C. § 1985(3) is some . . . invidiously discriminatory animus behind the conspirator's action. . . ." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001).  West alleges only generally that the defendants sought to punish him for his racial background, without alleging what his background or any other party's is.  Thus, he has failed to allege facts that give rise to a plausible inference that Gordwin, Jacobs, and Truchon discriminated against him because of his race.  *Twombly*, 550 U.S. at 556.

**AFFIRMED.**

11