**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LESLIE A. MERRITT, Jr.,

        Plaintiff-Appellant,

v.

STATE OF ARIZONA; HESTON
SILBERT; CHRISTOPHER
KALKOWSKI; FRANK MILSTEAD;
KEN HUNTER; KELLY M. HEAPE;
JENNIFER PINNOW; JENNIFER
PINNOW; ANTHONY FALCONE,

        Defendants-Appellees.

No.   21-15833

D.C. No. 2:17-cv-04540-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted June 13, 2022
San Francisco, California

Before: BYBEE, CALLAHAN, and COLLINS, Circuit Judges.
Concurrence by Judge COLLINS.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

This suit arises out of Leslie Merritt's arrest and indictment for the 2015 I-10 freeway shootings in Phoenix, Arizona. The case against Merritt was based, in part, on ballistic evidence linking a firearm that he owned and pawned to the shooting. Merritt was arrested in September 2015 and indicted six days later. A subsequent independent ballistics analysis resulted in inconclusive findings. As a result, Merritt was released from jail and the charges were dismissed. He applied for, and received, a Notation of Clearance.

Merritt filed this suit against Maricopa County, various County officers and employees, the State, and various DPS officers and employees, alleging causes of action for false arrest and false imprisonment under 42 U.S.C. § 1983, a Brady violation under § 1983, state-law false arrest and false imprisonment, malicious prosecution, negligence, intentional infliction of emotional distress, and aiding and abetting tortious conduct. Following discovery, Merritt dismissed his claims against the County defendants.

The State moved for summary judgment on all claims. Opposing summary judgment, Merritt argued that the State had failed to establish probable cause for his arrest because, among other things, Criminalist Kalkowski allegedly fabricated his ballistics identification. The district court concluded that Merritt failed to provide evidence sufficient to overcome the presumption of probable cause created

by the grand jury indictment (through his fabrication argument or otherwise), and the district court granted summary judgment on his post-indictment claims for malicious prosecution. The court also granted summary judgment on all other claims except the state-law claims for false arrest, false imprisonment, and aiding and abetting, pre-indictment. Merritt's pre-indictment claims were tried to a jury, which returned judgment in favor of the State on all claims.

Merritt appeals (1) the district court's summary judgment ruling and ruling preventing him from arguing that Criminalist Kalkowski fabricated the ballistics evidence and (2) the district court's ruling preventing him from presenting to the jury, in closing arguments, that Merritt had received a Notation of Clearance from the State.

We review a grant of summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact. *See id.* We review a district court's pretrial exclusion of evidence for abuse of discretion. *United States v. Bonds*, 608 F.3d 495, 498 (9th Cir. 2010). "[P]retrial *in limine* evidentiary rulings are to be accorded the same deference on appeal as rulings made during trial." *United States v. Layton*, 767 F.2d 549, 555 (9th Cir. 1985). We do not reverse an evidentiary

ruling under an abuse of discretion standard unless we are "convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances." *Boyd v. City & Cnty. of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (quoting *Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000)). The district court "has broad discretion in formulating jury instructions." *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1044 (9th Cir. 1987). "We review a district court's formulation of civil jury instructions for an abuse of discretion." *Abromson v. Am. Pac. Corp.*, 114 F.3d 898, 902 (9th Cir. 1997); *see also Clem v. Lomeli*, 566 F.3d 1177, 1182 (9th Cir. 2009).

1.      Merritt's argument regarding the district court's decision on his fabrication assertions is likely waived. Following the district court's ruling on summary judgment, the State filed a motion in limine to preclude Merritt from arguing or introducing evidence at trial that the DPS crime lab had fabricated ballistics results. Merritt did not oppose the State's motion. The district court granted the motion, ruling: "[Merritt] is precluded from asserting that DPS intentionally fabricated ballistics evidence." During the trial, the district court reminded Merritt of the evidentiary order precluding any argument that the DPS crime lab had intentionally fabricated evidence. Merritt once again did not object to the court's ruling. On appeal, Merritt argues that he was not obligated to object

to the State's motion in limine because the district court's ruling on summary judgment precluded him from raising the fabrication argument. Thus, he contends the argument is preserved on appeal. We are not convinced. Merritt had an obligation to object to the ruling to preserve the trial issue for appeal. *United States v. Hayden*, 860 F.2d 1483, 1485 (9th Cir. 1988) ("As a general proposition, a party must raise an objection initially to the trial court to preserve it for appeal.").

Even if we were inclined to reach the merits, his arguments are unavailing. Merritt relies on gesture and innuendo to conclude that Kalkowski fabricated evidence. Merritt's key piece of evidence is several inconclusive results from ballistics experts. But that doesn't demonstrate fabrication.

The district court properly determined that Merritt had failed to present sufficient evidence from which a reasonable jury could find that Kalkowski had fabricated his ballistics identification. Indeed, Merritt's own expert witnesses contradicted this argument. He is left only with inferences not supported by the evidence. Merritt cites Occam's Razor multiple times in his opening brief in support of his argument that the district court erred. Occam's Razor is a principle of logic suggesting where evidence can be found; it is not itself a piece of evidence. *See Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 680–81 (9th Cir. 1985) (explaining that a reasonable inference is one that is supported by "significant

probative evidence" rather than "threadbare conclusory statements"); *Wige v. City of Los Angeles*, 713 F.3d 1183, 1186 (9th Cir. 2013) ("mere speculation" that an officer had fabricated evidence was insufficient to defeat summary judgment); *McSherry v. City of Long Beach*, 584 F.3d 1129, 1136 (9th Cir. 2009) ("Surmise, conjecture, theory, speculation and an advocate's suppositions cannot do duty for probative facts and valid inferences." (internal quotation marks omitted) (quoting *Poppell v. City of San Diego*, 149 F.3d 951, 962 (9th Cir. 1998))).

The district court's rulings on summary judgment were proper. And for the same reason, the district court's ruling on the motion in limine was also proper. As a result, the court properly barred Merritt from arguing his fabrication theory in closing arguments. Merritt did not, and could not, proffer any evidence supporting a reasonable inference that Criminalist Kalkowski or the DPS crime lab had fabricated evidence. Because of the district court's rulings, no evidence in the record supports Merritt's fabrication theory. So any statements regarding fabrication in closing would have amounted to improper vouching. "[T]he prohibition on improper vouching based on evidence outside the record extends to civil trials." *Draper v. Rosario*, 836 F.3d 1072, 1084 (9th Cir. 2016). Thus, the district court properly excluded Merritt's fabrication argument and no error occurred. *See id.* at 1083–85.

6

And any error was harmless. Merritt presented expert witness testimony, evidence, and argument that Kalkowski erred in his ballistics identification. The jury rejected Merritt's argument that this error was unreasonable. Thus, we cannot conclude that it is more probable than not that the jury would have determined that Kalkowski intentionally fabricated evidence had Merritt been allowed to argue his theory in closing.

2.      Merritt's appeal regarding the district court's ruling on his Notation of Clearance is also likely waived. Merritt stipulated not to raise the Notation of Clearance with the jury. ("Neither party will elicit testimony about Plaintiff's Petition for Notation of Clearance that is currently pending adjudication in Maricopa County Superior Court."); (email from Merritt's counsel on January 29, 2020 stating: "[w]e will stipulate that no mention of the NOC will be made to the jury at trial"). Merritt subsequently filed a Motion for Issue Preclusion arguing that the Notation of Clearance required that the jury "be advised that Leslie Merritt, Jr. is not the I-10 Freeway Shooter." Merritt additionally requested a jury instruction that "the Court has found that Leslie Allen Merritt, Jr. has been cleared on any allegation or charge related to the I-10 Freeway shootings." The State opposed the motion and asserted a countermotion in limine to preclude any evidence or argument concerning the Notation of Clearance at trial, based in part

7

on the State's motion to intervene in the Notation of Clearance proceedings in order to challenge the Notation of Clearance. Before the district court could issue a ruling, Merritt withdrew his Motion for Issue Preclusion.

In October 2020, the parties participated in a final pretrial conference. Addressing the State's pending, unopposed countermotion in limine, the district court proposed to resolve the issue by informing the jury in the "Statement of the Case" of the preliminary jury instructions that (1) the criminal charges against Merritt had been dismissed, and (2) the jury should not be influenced by the dismissal of charges in determining whether the State had probable cause to arrest Merritt. After further discussion, the parties ultimately agreed that the State's pending countermotion was moot and that there would be no mention of the Notation of Clearance at trial.

Merritt waived any objection to the district court's ruling. "A stipulation or the withdrawal of an objection is tantamount to a waiver of an issue for appeal." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1108 (9th Cir. 2001) (cleaned up) (quoting *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999)). Merritt argues that the district court's decision not to instruct the jury on the Notation of Clearance was prejudicial because "defense witnesses were freely and repeatedly testifying" that "Merritt, a man legally cleared of any allegation or

charge, was the freeway shooter." That argument mischaracterizes the testimony. These witnesses merely expressed their opinion that he was the shooter. Moreover, Merritt's counsel elicited that testimony on direct examination of witnesses he called. Merritt cannot now complain that the district court erred by failing to instruct the jury on the Notation of Clearance. He invited any error by stipulating to the preclusion of such evidence, acquiescing to the court's proposed preliminary instruction, and eliciting the testimony that he now claims was prejudicial. *See Deland v. Old Republic Life Ins. Co.*, 758 F.2d 1331, 1336–37 (9th Cir. 1985) ("[O]ne may not complain on review of errors below for which he is responsible." (internal quotation marks omitted) (quoting *Hudson v. Wylie*, 242 F.2d 435, 448 (9th Cir. 1957))); *see also Johnson v. I.N.S.*, 971 F.2d 340, 343 (9th Cir. 1992) ("The doctrine of invited error prevents a defendant from complaining of an error that was his own fault." (cleaned up) (quoting *United States v. Reyes-Alvarado*, 963 F.2d 1184, 1187 (9th Cir. 1992))).

And any error was not an abuse of discretion. "[N]o valid objection" lies when a court refuses a jury instruction that is "irrelevant and immaterial . . . to the ground upon which the case was placed before the jury." *Brown v. Tarkington*, 70 U.S. 377, 381 (1865); *accord United States v. Foppe*, 993 F.2d 1444, 1452 (9th Cir. 1993) (holding that failure to give proposed jury instruction did not prejudice

9

defendant because he "was not entitled to an irrelevant jury instruction"); *United States v. Marks*, 530 F.3d 799, 809 (9th Cir. 2008) (holding that the district court did not err in failing to give instruction on arguments that were not relevant to the issues that the jury would decide). The only question presented to the jury on liability was whether the State had probable cause to arrest Merritt. Whether Merritt was ultimately cleared of the charges provides little insight into whether the police had probable cause to arrest him. *See Hockett v. City of Tucson*, 678 P.2d 502, 505 (Ariz. Ct. App. 1983) ("Probable cause to make an arrest may exist despite the fact that the charges are subsequently dismissed or the accused is found to be innocent."). Put simply, the district court did not commit error in refusing to instruct the jury that Merritt had obtained a Notation of Clearance.

**AFFIRMED.**

FILED

AUG 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

COLLINS, Circuit Judge, concurring in the judgment:

I concur in the judgment, but I do so on narrower grounds than those relied upon by the majority.

1. Even assuming *arguendo* that the district court should have permitted Merritt to argue to the jury that Kalkowski's asserted deficiencies were the result of fabrication rather than simply incompetence, Merritt has failed to establish that he was prejudiced. *See Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 783 (9th Cir. 2006) (holding that asserted error in granting motion in limine is reversible only if prejudice is shown); *Tennison v. Circus Circus Enters., Inc.*, 244 F.3d 684, 688 (9th Cir. 2001) ("A reviewing court should find prejudice only if it concludes that, more probably than not, the lower court's error tainted the verdict."). Merritt emphasizes that he should have been allowed to argue that Kalkowski's actions could *only* have been due to fabrication rather than to incompetence, but the factual predicate for making *that* particular argument was underwhelming at best. Moreover, when presented at trial with the choice between whether Kalkowski's actions reflected competence or incompetence, the jury necessarily chose the former when it found that probable cause had been established for Merritt's arrest. It seems to me highly unlikely that a jury that did not even find incompetence would have found *fabrication* if only that latter

possibility had been argued.

2. The district court did not abuse its discretion in excluding, under Federal Rule of Evidence 403, any reference to the notation of clearance. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) ("[C]ourts of appeals uphold Rule 403 rulings unless the district court has abused its discretion."). As the district court noted at the time it ruled, the State had moved to intervene to set aside the notation of clearance and that motion had not yet been resolved. Moreover, the notation of clearance was issued in August 2020, nearly five years after the relevant time frame for assessing whether there was probable cause, which was September 2015. In light of these considerations, the district court acted well within its discretion in concluding that any probative value of the notation of clearance was substantially outweighed by the risk of unfair prejudice.

For these reasons, I agree that the judgment should be affirmed.